## Case No. 9,612a.

MILLS v. The BAY STATE.

[See Case No. 1,148.]

---

## Case No. 9,612b.

MILLS v. CHAPMAN et ux. (two cases). [1]

Circuit Court, D. Connecticut. Dec. 7, 1876.

HUSBAND AND WIFE — PURCHASE OF LAND BY WIFE—JOINT NOTE—HOW PAID.

[The mere giving of a joint note by husband and wife in part payment for land purchased by

---

[1] [Reprinted by permission.]

[1] [Not previously reported.]

the wife does not subject such land to liability for the husband's debts if the note is afterwards satisfied out of the wife's separate estate, which the husband has never assumed to control.]

[This was a bill in equity before the superior court of Hartford county, Connecticut, by Elihu Mills against Samuel J. Chapman and wife, to set aside as in fraud of creditors an alleged conveyance of certain real property by Chapman to his wife. The cause was removed to this court, and respondents Chapman and wife filed their bill to set aside an execution levied upon said real property in satisfaction of a judgment at law in the said superior court.]

SHIPMAN, District Judge. On July 23, 1866, Elihu Mills, of Bloomfield, in the county of Hartford, in this state, brought a suit before the superior court for said Hartford county against Samuel J. Chapman, now of Springfield, in the state of Massachusetts, upon a note of said Chapman to the order of G. F. Filley, dated July 19, 1859, for the sum of $700, payable on demand, with interest, and endorsed by the said Filley to the said Mills. Upon this suit the real estate in said Bloomfield, hereafter described, standing in the name of Jennette F. Chapman, wife of said Samuel J. Chapman, was attached as the property of the defendant. On Nov. 15, 1870, judgment was rendered for the plaintiff for the sum of $1,175.53 damages and $175.26 costs, to be recovered only against the property which had been attached. Execution was issued upon this judgment and levied upon said real estate, and the same was set off to said Mills in part satisfaction of said execution. The value of said land is $1,200. Said Mills thereafter brought his bill in equity against said Chapman and wife before the superior court for Hartford county, alleging in substance that said real estate was purchased in fact by said Samuel J. Chapman, being insolvent, and was conveyed to his wife in fraud of his creditors, and was as against his creditors the proper estate of the husband, and praying that the title to said land should be vested by proper decree in the said Mills, the execution creditor, who had obtained a valid title thereto by virtue of the levy of said execution. This bill was served July 11, 1873, and was removed to this court. On July 23, 1873, Samuel J. Chapman and wife brought their bill in equity before this court, alleging that said property was the proper estate of said Jennette F., that the levy of said execution created a cloud upon her valid title, and praying that the cloud created thereby might be removed by decree of this court. Both suits have been heard at the same time by agreement. On April 10, 1858, J. Seymour Brown, as executor, conveyed to the said Jennette F. Chapman, for the sum of $900, then paid to said grantor, a piece of land in said Bloomfield, containing 14 acres, bounded north on land of T. B. Filley, east on land of Anson Porter, south on land of Eli Brown, and west partly on land of said Jennette F. and partly on the highway, which piece adjoined and partly surrounded other land which she previously owned. At the time of the purchase, Mrs. Chapman was desirous that it should be purchased, as it adjoined her own land, and intended to have the title and control of the whole land in her own name. At this time Samuel J. Chapman was in business in Chicopee, was pecuniarily embarrassed, and shortly thereafter failed. Seven hundred dollars of the $900 which were paid to the grantor for the land were borrowed of William H. Chapman, a brother of Samuel J. Chapman, upon his and his wife's joint note. It did not appear from what source the other $200 were paid. The $700 note was paid in May, 1865, by Jennette F. Chapman, from her sole and separate estate. The money, note, and bonds which went to pay this $700 note were obtained by Mrs. Chapman from personal property which she obtained by inheritance from her father and mother, who died respectively in 1856 and 186–. The bulk of her property came from her father's estate. This property was never taken possession of by Samuel J. Chapman as husband or as trustee for his wife. He never assumed any control of his wife's personal estate, or of the dividends thereon, but all his interest and title thereto was by clear and unequivocal acts voluntarily given and relinquished to his wife, and became her sole and separate estate. I do not find that this land was purchased in fact by the husband at the time of the execution of the deed, and settled upon his wife to defraud existing or future creditors, or that the conveyance to the wife was to delay, hinder, and defraud creditors of the husband. There were suspicious circumstances at the time the purchase was effected, and subsequently thereto, which, if they could have been fortified by more proof, might have brought me to the conclusion that the property was in fact purchased by the husband and settled upon the wife in fraud of present and future creditors, and that the signature by the wife of said $700 note was a mere security to her brother-in-law for the payment of his debt. But, in view of all the facts, I cannot find affirmatively such a conclusion, and therefore find that the material allegation in the bill of Elihu Mills is not true. The result is that the record title of the land, which was and is in Jennette F. Chapman, is not found to have been invalid as against the creditors of her husband. The statutes of the state of Connecticut in regard to the property of married women are hereby made part of this finding. The bill of Elihu Mills is dismissed, without costs. Let there be a decree without costs, upon the bill of Samuel J. Chapman and wife that Elihu Mills execute a quitclaim deed of said premises to said Jennette F. Chapman.